**James George STAMOS, Jr., Plaintiff—Appellant,**

v.

**CITRUS HEIGHTS POLICE DEPARTMENT, Defendant—Appellee.**

**No. 04–17510.**

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

James George Stamos, Jr., Dublin, CA, pro se.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

James George Stamos, Jr., a prisoner proceeding pro se and in forma pauperis, appeals the district court's October 22, 2004, dismissal with prejudice of his 28 U.S.C. § 1983 action for failure to state a claim. *See* 28 U.S.C. § 1915A. Exercising jurisdiction pursuant to 28 U.S.C. § 1331, we affirm.

We review de novo a dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A. *Ramirez v. Galaza,* 334 F.3d 850, 853 (9th Cir.2003). In his amended complaint, Stamos did not allege that the deprivation of his constitutional rights was the product of an official custom or policy. *See Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 690—91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Nadell v. Las Vegas Metro. Police Dep't,* 268 F.3d 924, 929 (9th Cir.2001). That deficiency prevented Stamos from proving any "set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45—46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Stamos also claims that the district court should have granted him a second opportunity to amend his complaint to state a claim. We disagree. Although Stamos was granted leave to amend his initial complaint and given an explanation of what his amended complaint must include, his amended complaint still did not state a claim. Although pro se litigants should be liberally granted the opportunity to amend pleadings, *see Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir.2003), they are not entitled by law to multiple opportunities. *See Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995) (per curiam) (noting that "a pro se litigant is entitled to notice of the complaint's deficiencies and *an* opportunity to amend prior to dismissal") (emphasis added). Consequently, the district court did not abuse its discretion in refusing to grant Stamos a second opportunity to amend his complaint. *See Lopez v. Smith,* 203 F.3d 1122, 1124 (9th Cir. 2000) (en banc) (noting that the decision to grant leave to amend is discretionary).

Finally, Stamos claims that a trial or hearing was conducted outside of his presence and that he was thereby denied the opportunity to subpoena or submit evidence. We reject this claim because Stamos does not present any plausible evidence that such a hearing or trial was conducted.

All pending motions are denied as moot.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.